■ Loomis J. Grossman et al., Appellants, v. S. E. Nichols Company et al., Respondents.— Order, Supreme Court, New York County, entered on July 28, 1972, unanimously affirmed. Appeal from the order of said court, entered on August 10, 1972, unanimously dismissed as nonappealable. No opinion. Concur — McGivern, J. P., Markewich, Murphy, Lane and Steuer, JJ.

■ Loomis J. Grossman et al., Respondents, v. S. E. Nichols Company et al., Appellants.— Order, Supreme Court, New York County, entered May 24. 1973, unanimously modified, on the law, defendants-appellants' motion for summary judgment dismissing the complaint granted and the complaint dismissed, defendants-appellants' motion for summary judgment granted declaring plaintiffs-respondents' withholding of consent to assignment of leases by defendants-appellants to be unreasonable and that defendants-appellants are entitled to such consent under the second counterclaim, and the first counterclaim dismissed as academic, and otherwise affirmed. Defendants shall recover of plaintiffs one bill of $60 costs and disbursements covering this appeal and Appeals Nos. 7776–7777N decided simultaneously herewith. Plaintiffs are landlords of certain store facilities leased, under 13 leases, to defendants as a partnership. One of the two principals of the partnership having died and his estate having succeeded to his interest, the partnership proceeded pur-

suant to its partnership agreement to convert to corporate form, changing only the outward habiliments, but keeping intact all assets and liabilities. To comply with the requirements of form, but not changing substance, the partnership proceeded to assign each of the separate leases to the appropriate corporate successor, and sought, as the identical leases required, the consent of the landlords, which was not, according to the same leases, to be unreasonably withheld. Plaintiffs landlords refused, and proceeded to sue defendants, asserting two causes: first, that transfer of partnership assets to corporate form rendered the partnership insolvent under the Debtor and Creditor Law and should be set aside; second, seeking a declaration that the partnership, being dissolved by the death of a principal, it followed that the leases were thereby terminated. As to the first cause, it is clear that the change was in form only and that the assets were intact and the liabilities constituted no problem; indeed, plaintiffs have completely failed to come forward with anything by way of challenge to defendants' financial statements. As to the second cause, to repeat, the change is in form only, and, considering the procedures outlined in the partnership agreement and fulfilled to the letter after the principal's death, that death cannot be held to work a termination of the lease. On the showing made, there is no issue of fact raised as to either cause, and defendants are entitled to summary judgment of dismissal. Two counterclaims are asserted: first, seeking reformation of the lease to achieve an interpretation in favor of its continuation, carrying out the procedures set out in the partnership agreement; second, for declaratory judgment that withholding of consent to the assignment is unreasonable. Examination of the entire situation inevitably leads to the conclusion that plaintiffs, by the transactions after the death of defendants' principal described hereinabove, have had assured to them all the reasonable requirements of assignment of the leases: that there be no default, that there be continued liability, and that there be full assumption by a financially secure assignee. Actually, there is substantial identity of assignor and assignee. Accordingly, defendants are entitled to summary judgment in favor of assignment. Indeed, were there no counterclaim, it is at least arguable that such would be the appropriate declaration in favor of defendants upon dismissal of plaintiffs' second cause seeking declaratory judgment. By our grant of this relief and our interpretation of the dissolution provision of the lease we have rendered the first counterclaim for reformation academic, and it is dismissed accordingly. Concur — McGivern, J. P., Markewich, Murphy, Lane and Steuer, JJ.